UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CENTEX HOMES, et al.,**<br><br>**Defendants.** | **1:14-cv-1235-LJO-GSA**<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (DOC. 7)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a dispute between the parties regarding their rights and duties in an underlying action currently pending in Kern County Superior Court. *See* Doc. 1 at 8-9. On August 6, 2014, Plaintiffs Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America, and St. Paul Mercury Insurance Company (collectively, "Plaintiffs") brought suit against Defendants Centex Homes and Centex Real Estate Corporation (collectively, "Centex") in this Court based on the undisputed diversity of citizenship between the parties. *Id.* at 2.

Centex obtained commercial general liability insurance ("the policies") from Plaintiffs. *Id.* at 3. In February 2014, homeowners brought suit against Centex in Kern County Superior Court for alleged construction defects in homes that Centex built ("the *Carter* action"). *Id.* at 8-9. Centex tendered the *Carter* action to Plaintiffs pursuant to the policies. *Id.*

Plaintiffs brought suit in this Court over disputes that arose between the parties regarding their respective rights and duties in handling Centex's defense in the *Carter* action. Plaintiffs allege three causes of action for (1) declaratory relief; (2) breach of contract; and (3) equitable reimbursement. *Id.* at 11-20.

1

Currently before the Court is Centex's motion to dismiss the complaint on the ground that (1) Plaintiffs' first and second causes of action are not ripe and (2) because they are not ripe, Plaintiffs' third cause of action fails. Doc. 7 at 3, 9.

The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the following reasons, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss (Doc. 7).

## II. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); see *Savage*, 343 F.3d at 1039-40 & n. 2. A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the

plaintiff's allegations." *Safe Air*, 373 F.3d at 1039.

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern*

*California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## III. DISCUSSION

This case is one of many between the parties currently pending in this Court and elsewhere. The Court already has ruled on Centex's motions to dismiss in other cases between the parties that often are virtually identical to one another. *See, e.g.*, *Travelers Indem. Co. of Conn. v. Centex Homes*, No. 14-cv-217-LJO-GSA, 2014 WL 2002320 (E.D. Cal. May 15, 2014); *Fidelity & Guar. Ins. Co. v. Centex Homes*, 1:14-cv-826-LJO-GSA, 2014 WL 4075999 (E.D. Cal. Aug. 15, 2014); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 1:14-cv-1450-LJO-GSA, Doc. 23 (E.D. Cal. Oct. 9, 2014). As in this case, Plaintiffs[1] brought those cases against Centex due to Centex's alleged refusal to allow Plaintiffs to control Centex's defense in underlying litigation. That allegation is the crux of Plaintiffs' claims against Centex in all of Plaintiffs' cases against Centex, including this one.

Plaintiffs likewise allege in this case that Centex refused to permit Plaintiffs to appoint their counsel of choice to defend Centex in the *Carter* case. Doc. 1 at ¶ 28 (Centex "has refused, will refuse, and is continuing to refuse to accept counsel appointed by [Plaintiffs] and is demanding independent counsel to defend it in [the *Carter* case]"). Plaintiffs argue that Centex's alleged refusal to do so amounts to a material breach of the policies. *See id.* at ¶¶ 51, 55, 59, 63. Centex moves to dismiss Plaintiffs' first (declaratory judgment) and second (breach of contract) causes of action on the ground those claims are not ripe because Plaintiffs filed their complaint before Centex sent Plaintiffs a reservation of rights letter in which it agreed to allow Plaintiffs to appoint its counsel of choice to defend Centex in the *Carter* case.[2] Doc. 7 at 9-10.

The Court already has ruled on this exact issue. *See generally Fidelity*, 2014 WL 4075999;

---

[1] The plaintiffs in those cases are various affiliates of Plaintiffs, are represented by the same counsel, and have made identical allegations against Centex on substantially similar (or identical) operative facts. For clarity, the Court will refer to them as the same plaintiffs.

[2] Centex provides documentation that corroborates these claims, *see* Doc. 9-1 at 55, 59, which the Court may consider in assessing whether it has subject matter jurisdiction over Plaintiffs' claims. *See Nicholson v. Cnty. of Stanislaus*, No. CV F 09–1941 AWI–SMS, 2010 WL 923729, at *2 (E.D. Cal. Mar. 12, 2010) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

*Travelers*, No. 1:14-cv-1450-LJO-GSA, Doc. 23 at 5. In *Fidelity*, this Court dismissed Plaintiffs' declaratory relief and breach of contract claims on the ground they were unripe because Plaintiffs filed their complaint before Centex sent Plaintiffs a reservation of rights letter in which it agreed to allow Plaintiffs to appoint their counsel of choice to defend Centex in underlying litigation. *See id.* at *3-4. Although squarely on point here, Plaintiffs do not address *Fidelity* in their opposition. *See* Doc. 14.

Further, another court recently presented with "virtually identical allegations" explicitly relied on *Fidelity* in dismissing as unripe Plaintiff's causes of action for declaratory relief and breach of contract. *See St. Paul Fire & Marine Ins. Co. v. Centex Homes*, 14-cv-1216 AB (JCx) (C.D. Cal. Oct. 7, 2014), Doc. 28 at 5-6 ("Central District case"). The court, "agree[ing] with the reasoning in *Fidelity*," found that Plaintiffs' complaint was not ripe because it was filed before Centex had sent Plaintiffs its reservation of rights letter in which it agreed to let Plaintiffs choose counsel to defend Centex in the underlying lawsuit against it. *Id.* at 6. The court noted that Plaintiffs did "not address Centex's contention that the first and second causes of action are unripe" in their opposition. *Id.*

The Court finds that Plaintiffs' first and second claims were not ripe at the time the complaint was filed. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' first and second causes of action for lack of subject matter jurisdiction.

Centex moves to dismiss Plaintiffs' third cause of action (equitable reimbursement) on the ground Plaintiffs fail to allege facts showing that Plaintiffs defended the *Carter* action in its entirety. Doc. 7 at 9-10.[3] Specifically, Centex argues that Plaintiffs have not alleged facts showing that the *Carter* action has concluded or that Plaintiffs no longer have a duty to defend Centex in the *Carter* action. *Id.* at 11-12.

To state a claim for equitable reimbursement, Plaintiffs must allege, among other things, that they defended Centex in the *Carter* action in its entirety. *See Travelers Indem. Co. of Conn. v. Centex Homes*, 1:14-CV-217-LJO-GSA, 2014 WL 3778269 at *3 (E.D. Cal. July 30, 2014), *amended on*

---

[3] Although Centex does not argue that Plaintiffs' equitable reimbursement claim is unripe, it appears that it in fact is unripe because, like Plaintiffs' first and second causes of action, it is premised on Centex's alleged breach of the policies, which could not have occurred at the time Plaintiffs filed their complaint.

5

*reconsideration*, 1:14-CV-217-LJO-GSA, 2014 WL 4081861 (E.D. Cal. Aug. 19, 2014) (citing *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, 657 (2005)). That requires Plaintiffs to allege facts showing that the *Carter* action has resolved or that Plaintiffs no longer owe a duty to defend Centex in that action. *See id.*

Plaintiffs do not allege that the *Carter* action remains ongoing. Rather, Plaintiffs allege that they no longer owe any duty to defend Centex in the *Carter* action due to Centex's alleged breach of the policies. *See* Doc. 1 at ¶ 67. Plaintiffs assert that, "as a result of Centex's breach of the insurance policy, [Plaintiffs are] relieved of any obligation to defend Centex," and thus they have defended the *Carter* action in its entirety. Doc. 14 at 21 (citing Doc. 1 at ¶ 67); *id.* ("Centex breached the insurance contract, thereby ending any potential duty to defend").

At the time Plaintiffs filed their complaint Centex necessarily could not have breached the policies because Centex had not yet communicated to Plaintiffs its position on its defense in the *Carter* action. Thus, at the time the complaint was filed, Plaintiffs had not defended Centex in the *Carter* action in its entirety because they still had a duty to defend Centex. Plaintiffs' equitable reimbursement claim therefore fails. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss (Doc. 7) Plaintiffs' complaint. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.[4] Plaintiffs shall file any further amended complaint only if and when their claims are ripe.

IT IS SO ORDERED.

Dated:   **October 14, 2014**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[4] In granting Plaintiffs leave to amend in the Central District case, the court admonished Plaintiffs that any further amended complaint "must allege sufficient *facts* to 'allow[] the court to draw the reasonable inference' that [Plaintiff] suffered contract damages (as opposed to mere prejudice)." Central District case at 9. The court also "caution[ed] [Plaintiffs] that any amendment to the third cause of action [for equitable reimbursement] must include an allegation (made in good faith) that the [underlying litigation] has either terminated, or that [Plaintiffs'] duty to defend has otherwise discharged." *Id.* The Court instructs Plaintiffs to do the same in any further amended complaint in this case.